Peck, J.
(dissentiente.) It is difficult to conceive how the jury could have found otherwise than for the lessors of the plaintiff, upon the charge of the court. Preparatory to delivering what the court no doubt honestly esteemed to be the law applicable to the case, the jury were admonished of the folly of finding against the charge. This, in strictness, we have nothing to do with, further than as the facts and law of the case may be viewed as a mixed question. That it was a question directly mixed, is obvious from the questions being presented in various attitudes, and being found in oneaor the other by the jury; the result they are told must be in a particular manner. If then, as to these attitudes, the jury were to apply the evidence for themselves, it seems hard to perceive how they could be said to find against the charge. Passing this, we will view the case in an aspect not presented by the circuit judge.
The plat and certificate of survey was the act of Williams, the surveyor and witness. That plat and certificate was evidence; and it was record evidence, which, having been produced by the officer under oath, he could not contradict. I will not take it on myself to say it is con *487 tradicted; but that was a question which should have been left to the jury. The law under which the surveyor acted, required that in his return he should have specified boundaries and marks, both natural and artificial. Has he done so? He tells us he did not; that a white oak greatly beyond the distance, was marked as a corner for another tract, which he intended to call for, but for which he substituted a stake in making up his record. How this was, I am not to know; it belonged to the jury to judge of; and if they had been told, as they ought to have been, that it was the best evidence of the things it expressed, and the jury could see no mistake in it, but every thing consistent, both as to course, distance, quantity of land and objects specified, it is possible the verdict might have been the other way. Nay, the jury might have thought, that if the rule of law was to stop at distance, where a stake alone was called for, that it was either contradicting or greatly amplifying the plat and certificate, to introduce a remote though marked white oak. This argument gains the more strength, when it is considered that in Overton’s opinion the white oak could never be found. If in his opinion it could not be found by himself or his surveyor, then it was fair to infer a locator of the adjacent land would not be likely to find it; and if he did, not being called for in the certificate or grant, he could not know it as the corner of that grant. Then to allow the surveyor to retain it in his memory since 1793, with liberty to incorporate it now for then, would greatly incommode such as might wish to adjoin. Hence, a plain principle of common sense, that record evidence expressly to the point, all harmonizing, and nothing lost that the state undertook to grant, is the best evidence. The memories of men fail; not so with records; and this is the foundation of the rule that course and distance are safest to rely upon when no certain object is called for.
The sweep, if I may so speak, given to special entries, *488 keeping off those desirous to appropriate adjacent lands, has been productive of almost infinite mischiefs. Appropriations of lands made with the most honest intention, have yielded to the form of surveying the elder entry. Not only have the lands been los’t, but the honest and well meaning have suffered ruin in litigation and costs. What is this but reversing the same sweeping principle with grants, which of all documents ought to be the least subject to it? To admit extension of a grant at this day by recollection of what forty years ago was intention, is more mischievous in its consequences, than to allow an enterer to hold off locators in all directions to the extent of the oblong of his quantity.
Again: If this was a mistake, and the case is put upon this, why was not the grant amended, and the mistake corrected? Perhaps the reason is referable to the proved fact, that the grantee did not believe the white oak could be found. The consequence has been, that instead of amending the grant, at the last moment,'when the trial is had, the memory of a witness is substituted in the place of it; and time, which in this case operated as a witness, consistent with the grant as it reads, is proved to yield to the recollected fact of intention, and the monument of forty .years is removed.
The circuit court should have told the jury, that where the plat and certificate and the grant were consistent, and where the calls and marks on the ground harmonized with them, they were paramount evidence; but where harmony was wanting, and something had to be substituted to save a right, memory not inconsistent with the records might be let in; and that the evidence may be heard, but it must be weighed with the other, and the jury left free to judge of the facts for themselves.
Judgment affirmed.